IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 SEP 20 PM 4: 51
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

|  |  |  |
|---|---|---|
| ERIC D. WALLACE, | X | |
| Plaintiff, | X | |
| vs. | X | No. 02-2704-Ma/P |
| ROSS BATES, et al., | X | |
| Defendants. | X | |

ORDER DENYING LEAVE TO AMEND
AND
ORDER DIRECTING THE PLAINTIFF TO GIVE NOTICE
CONCERNING HIS DESIRE TO PURSUE A SECOND LAWSUIT

Plaintiff Eric D. Wallace, Tennessee Department of Correction prisoner number 167693, who is currently incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on September 6, 2002 in connection with his previous confinement at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. On September 23, 2002, this Court issued an order that, inter alia, dismissed the complaint pursuant to 42 U.S.C. § 1997e(a) with respect to all defendants and all claims with the exception of plaintiff's claim that defendants Ross Bates and Kenneth Boyd forced him to share a cell with an inmate who smokes.

Defendants Bates and Boyd were served on January 31, 2003, and they answered the complaint on March 5, 2003.

On January 14, 2003, the Court issued an order granting plaintiff's motion for reconsideration with respect to defendant Ernestine Walton. Defendant Walton was served on July 1, 2003, and she answered the complaint on July 21, 2003.

On April 4, 2003, plaintiff filed a motion seeking leave to file a supplemental complaint concerning matters that occurred since the filing of the original complaint. The Court issued an order granting that motion on April 11, 2003, and the plaintiff's amended complaint was filed on that date. On December 23, 2003, the Court issued an order that, <u>inter alia</u>, dismissed certain aspects of the supplemental complaint pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and directed that service issue on twelve new defendants. Most, but not all, of the allegations in that supplemental complaint concerned matters that occurred while the plaintiff was incarcerated at the WTSP. The allegations in the supplemental complaint concerning the plaintiff's treatment at the NWCX date back to 2002.

On October 12, 2004, plaintiff filed a motion seeking leave to file another supplemental complaint. Defendants have not responded to the motion, and the time for a response has expired. The proposed second supplemental complaint asserts new claims against only one of the fifteen defendants named in the original

2

and supplemental complaint who have not been dismissed from this action.[1] In addition, the proposed second supplemental complaint purports to assert claims against an additional twenty-nine (29) individuals who are, or were, employed at the NWCX. The subject-matter of the proposed second supplemental complaint, like the plaintiff's previous submissions, concerns the continuing exposure of the plaintiff to secondhand smoke.

In considering the plaintiff's motion to amend, the Court has attempted to balance the plaintiff's desire to litigate each of his claims against the interest of all parties to conclude this litigation, which has now been pending for three years. In light of the time this action has been pending, it would not be in the interest of justice to further delay the trial of this case in order to permit the addition of twenty-nine additional defendants. Accordingly, the motion to file a supplemental complaint is DENIED.

In order to prevent any prejudice to this plaintiff's ability to litigate the additional claims set forth in the proposed second supplemental complaint, the plaintiff is ORDERED, within thirty days of the date of entry of this order, to notify the Court whether he desires to pursue those claims in a separate lawsuit. If the plaintiff so desires, he should accompany his notice with a new in forma pauperis lawsuit and trust fund account statement, as he

---

[1] Defendant Darryl Blackley, a unit manager at the NWCX, was named in the supplemental complaint and the proposed second supplemental complaint.

3

will be assessed a new $150 filing fee.[2] Upon receipt of the plaintiff's notification and the accompanying documentation, the Court will direct that the proposed second supplemental complaint be filed as a new lawsuit as of the date it was submitted. The plaintiff is advised that the new lawsuit, like all other lawsuits filed by pro se litigants and prisoners, will be screened pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

IT IS SO ORDERED this 20th day of September, 2005.

/s/ SHM

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Effective March 7, 2005, the civil filing fee was increased to $250. However, as plaintiff's motion for leave to amend was filed prior to that date, he will only be responsible for the filing fee in effect on the date on which he submitted his motion.

4

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 99 in case 2:02-CV-02704 was distributed by fax, mail, or direct printing on September 21, 2005 to the parties listed.

Bradley W. Flippin
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Eric D. Wallace
NWCX Site 2 Annex
960 State Rt 212
Tiptonville, TN 38079

Honorable Samuel Mays
US DISTRICT COURT